```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

```
                                    )
KRISTAL M. KHAN,                    )
MICHELLE R. BALLINGER,              )
and GEORGE A. CRAAN,                )
individually and on behalf          )
of all others similarly situated,   )
                                    )
                Plaintiffs,         )
                                    )
           v.                       )    CIVIL ACTION
                                    )    NO. 20-11710-WGY
                                    )
PTC, INC., THE BOARD OF DIRECTORS   )
OF PTC, INC., THE INVESTMENT        )
COMMITTEE OF PTC, INC., and JOHN    )
DOES 1-30,                          )
                                    )
                Defendants.         )
                                    )
```

YOUNG, D.J.                                              April 20, 2021

**MEMORANDUM & ORDER**

**I.   INTRODUCTION**

Kristal M. Khan, Michelle R. Ballinger, and George A. Craan (collectively, the "Beneficiaries") participated in PTC, Inc.'s 401(k) defined-contribution plan (the "Plan"). The Beneficiaries bring this putative class action pursuant to 29 U.S.C. § 1132 on behalf of a proposed class of similarly situated participants and beneficiaries, and on behalf of the Plan itself, asserting breaches of fiduciary duty in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461.  In count I, the Beneficiaries claim that

[1]

the Investment Committee of PTC, Inc. (the "Investment Committee") breached the fiduciary duties of prudence and loyalty in violation of 29 U.S.C. § 1104(a).  In count II, the Beneficiaries claim that PTC, Inc. and the Board of Directors of PTC, Inc. (the "Board of Directors") failed adequately to monitor the Investment Committee.

Pending before the Court is PTC's motion to dismiss for lack of subject-matter jurisdiction.  For the reasons stated below, the motion is DENIED.

**A.   Factual Allegations**

PTC, Inc. is a Boston-based software company.  Compl. ¶ 25, ECF No. 1.  PTC, Inc. sponsors the Plan, which "provides for individual accounts for each participant and for benefits based solely upon the amount contributed to those accounts, and any income, expense, gains and losses, and any forfeitures of accounts of the participants which may be allocated to such participant's account."  Id. ¶¶ 25, 42.  During their employment with PTC, Inc., the Beneficiaries "participated in the Plan[,] investing in the options offered by the Plan and which are the subject of this lawsuit."  Id. ¶¶ 18-20.  The Plan has had more than $450,000,000 in assets under management since September 2014, qualifying it "as a large plan in the defined contribution plan marketplace, and among the largest plans in the United States."  Id. ¶ 10.

According to the complaint, PTC, Inc. is both a "sponsor" and a "named fiduciary" of the Plan. Id. ¶ 25. PTC, Inc. allegedly "acted through" the Board of Directors "to perform Plan-related fiduciary functions . . . ." Id. ¶ 28. These functions allegedly "includ[ed] appointing and monitoring the activities of the [Investment] Committee." Id. ¶ 31. The Investment Committee, in turn, "had discretionary authority to select . . . [and] monitor Plan investments." Id. ¶ 36. The Beneficiaries then "select[ed] from several investment options," including "a common/collective trust, various mutual funds, and a money market account." Id. ¶ 51 (quotations omitted).

The Beneficiaries assert that during the proposed Class Period, defined as September 17, 2014 through the date of judgment, id. ¶ 1 n.2, PTC, Inc., the Investment Committee, the Board of Directors, and John Does 1-30 (collectively, "PTC") failed to act in the Beneficiaries' best interest, id. ¶¶ 1-14.[1] Specifically, the Beneficiaries allege that PTC: (1) failed "objectively and adequately [to] review the Plan's investment portfolio with due care to ensure that each investment option was prudent, in terms of cost," and (2) "maintain[ed] certain funds in the Plan despite the availability of identical or

---

[1] John Does 1-10 are unidentified members of the Board of Directors, Compl. ¶ 34, John Does 11-20 are unidentified members of the Investment Committee, id. ¶ 39, and John Does 21-30 are other unidentified fiduciaries, id. ¶ 40.

similar investment options with lower costs and/or better performance histories." Id. ¶ 11.  Based on this conduct, the Beneficiaries seek to recover against the Investment Committee for breach of the fiduciary duties of prudence and loyalty in violation of 29 U.S.C. § 1104(a) (count I), id. ¶¶ 116-122, and against PTC, Inc. and the Board of Directors for failure adequately to monitor the Investment Committee (count II), id. ¶¶ 123-129.

**B.   Procedural History**

The Beneficiaries filed a complaint against PTC in September 2020.  See generally id.  In response, PTC moved to dismiss for failure to state a claim, see generally Defs.' Mot. Dismiss Pls.' Compl. Failure State Claim Upon Which Relief Can Be Granted, ECF No. 10; Defs.' Mem. Law Supp. Defs.' Mot. Dismiss Failure State Claim Upon Which Relief Can Be Granted, ECF No. 14, and for lack of subject-matter jurisdiction, see generally Defs.' Mot. Dismiss Pls.' Compl. Lack Subject-Matter Jurisdiction Fed. R. Civ. P. 12(b)(1), ECF No. 11; Defs.' Mem. Law Supp. Defs.' Mot. Dismiss Pursuant Fed. R. Civ. P. 12(b)(1) ("Defs.' 12(b)(1) Mem."), ECF No. 15.

The Beneficiaries opposed each motion, see generally Pls.' Mem. Law Opp'n Defs.' Mot. Dismiss Pursuant Fed. R. Civ. P. 12(b)(1), ECF No. 21; Pls.' Mem. Law Opp'n Defs.' Mot. Dismiss Failure State Claim Upon Which Relief Can Be Granted, ECF No.

[4]

22, and PTC filed replies in support of the motions, see generally Defs.' Reply Supp. Defs.' Mot. Dismiss Pursuant Fed. R. Civ. P. 12(b)(6), ECF No. 25; Defs.' Reply Supp. Defs.' Mot. Dismiss Pursuant Fed. R. Civ. P. 12(b)(1), ECF No. 26.

The Court held oral argument on March 31, 2021. When arguments concluded, this Court allowed in part and denied in part PTC's motion to dismiss for failure to state a claim, ECF No. 10. See Elec. Clerk's Notes, ECF No. 34. With respect to PTC's pending motion to dismiss for lack of subject-matter jurisdiction, ECF No. 11, this memorandum addresses only those issues of law as to which the First Circuit has not yet spoken and elucidates this Court's reasoning.

## II. ANALYSIS

PTC's primary argument in support of its motion to dismiss for lack of subject-matter jurisdiction is that the Beneficiaries lack Article III standing because they fail adequately to plead injury and redressability stemming from PTC's alleged mismanagement of the specific funds in which they invested.[2]  Defs.' 12(b)(1) Mem. 3-6.  The Beneficiaries respond

---

[2] The Court rejects PTC's other argument -- that the Beneficiaries "executed broad releases that prohibit them from pursuing the ERISA claims they attempt to assert here," Defs.' 12(b)(1) Mem. 2 -- as premature.  See Fed. R. Civ. P. 8(c)(1); Citibank Glob. Markets, Inc. v. Rodríguez Santana, 573 F.3d 17, 23 (1st Cir. 2009); Bendaoud v. Hodgson, 578 F. Supp. 2d 257, 280 (D. Mass. 2008) (Gertner, J.).

[5]

that because they alleged that "they invested in Plan investments which are the subject of this lawsuit," they have Article III standing to bring this action on behalf of the Plan. Pls.' Mem. Law Opp'n Defs.' Mot. Dismiss Pursuant Fed. R. Civ. P. 12(b)(1) 2 (citing Compl. ¶¶ 18-20).  This Court agrees with the Beneficiaries.

"To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." Thole v. U.S. Bank N.A., 140 S. Ct. 1615, 1618 (2020) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)).  At issue here are the first and third requirements: injury in fact and redressability, respectively. See Defs.' 12(b)(1) Mem. 4-6.

### A.  Injury in Fact

First, with respect to injury in fact, "[a]lthough in certain types of matters[] courts have found that a plaintiff cannot suffer an injury from an investment that he or she did not purchase, 'courts have declined to apply the above bright-line rule when addressing ERISA claims for breach of fiduciary duties.'"  Hay v. Gucci Am., Inc., Civil Action No.: 17-cv-07148, 2018 WL 4815558, at *4 (D.N.J. Oct. 3, 2018) (quoting

Urakhchin v. Allianz Asset Mgmt. of Am., L.P., Case No. SACV 15-1614-JLS (JCGx), 2016 WL 4507117, at *4 (C.D. Cal. Aug. 5, 2016) (collecting cases)). "Rather, courts look to the nature of the claims and allegations to determine whether the pleaded injury relates to the defendants' management of the Plan as a whole." Urakhchin, 2016 WL 4507117, at *4.

Against this backdrop, most courts hold that "plaintiffs need not prove individualized damages in an ERISA class action case; rather, an injury to the Plan[] suffices." Sacerdote v. N.Y. Univ., 16-cv-6284 (KBF), 2018 WL 840364, at *7 (S.D.N.Y. Feb. 13, 2018); see Cunningham v. Cornell Univ., 16-cv-6525 (PKC), 2019 WL 275827, at *3 (S.D.N.Y. Jan. 22, 2019) (stating that "[p]laintiffs do not need to make a showing of investment in each fund to demonstrate standing" in 29 U.S.C. § 1132(a)(2) action brought on behalf of defined-contribution plan). But see Patterson v. Morgan Stanley, No. 16-cv-6568 (RJS), 2019 WL 4934834, at *5 (S.D.N.Y. Oct. 7, 2019) ("Losses incurred by funds in which Plaintiffs did not invest cannot have impaired the value of Plaintiffs' individual accounts. Therefore, Plaintiffs have not been injured as to those funds." (internal citation omitted)); Wilcox v. Georgetown Univ., Civil Action No. 18-422 (RMC), 2019 WL 132281, at *9 (D.D.C. Jan. 8, 2019)

(holding that plaintiffs lacked standing to advance ERISA claims based "an investment option neither Plaintiff selected").[3]

Specifically, the injury in fact stems from the "alleged foregone opportunities from funds that were not included and the alleged reduction in choice that resulted." Sacerdote, 2018 WL 840364, at *7 (citing Ross v. Bank of Am., N.A., 524 F.3d 217, 223 (2d Cir. 2008) (ruling that antitrust plaintiffs had pled an injury in fact by alleging that "reduced choice and diminished quality result[ed] directly from the defendants' illegal collusion to constrict the options available" (brackets and ellipsis omitted))); see Urakhchin, 2016 WL 4507117, at *4 (ruling that plaintiffs in ERISA breach of fiduciary duty action brought on behalf of defined-contribution plan had pled an injury in fact by alleging that they "were unable to select low-cost options when investing in the Plan," an "injury rooted in

---

[3] Less than a year after Patterson v. Morgan Stanley issued, another session of that court recognized that "Patterson is an outlier; the majority of courts considering similar cases both in this district and elsewhere are consistent with Leber [v. Citigroup 401(k) Plan Investment Committee, 323 F.R.D. 145 (S.D.N.Y. 2017)]." Falberg v. Goldman Sachs Grp., Inc., 19 Civ. 9910 (ER), 2020 WL 3893285, at *8 (S.D.N.Y. July 9, 2020). Leber held that "plaintiffs do not need to point to individualized injuries with respect to each Plan investment in order to establish constitutional standing in a derivative suit brought pursuant to 29 U.S.C. § 1132(a)(2)." 323 F.R.D. at 155. Wilcox v. Georgetown University is similarly at odds with the weight of authority.

Defendants' conduct in managing all the funds as a group" (brackets, ellipsis, and quotations omitted)).

Here, the Beneficiaries plead that while acting in a fiduciary capacity, Compl. ¶¶ 61-71, PTC failed to investigate and select lower-cost alternative funds, id. ¶¶ 72-80, failed to utilize lower-cost share classes, id. ¶¶ 81-90, failed to utilize lower-cost passively managed and actively managed funds, id. ¶¶ 91-99, and failed to monitor and control the Plan's recordkeeping expenses, id. ¶¶ 100-115.  Consequently, the Plan allegedly "suffered millions of dollars of losses due to excessive costs and lower net investment returns."  Id. ¶ 120. These allegations are sufficient to plead that the Plan suffered an injury in fact and, under the majority approach limned above, to permit the Beneficiaries to pursue their claims on behalf of the Plan pursuant to 29 U.S.C. § 1132(a)(2).

**B.   Redressability**

Second, PTC contends that the Beneficiaries cannot demonstrate redressability in light of the Supreme Court's recent decision in Thole v. U.S. Bank N.A., 140 S. Ct. 1615, 1618 (2020).  Defs.' 12(b)(1) Mem. 5-6.  Specifically, according to PTC, if the Beneficiaries "were to win this lawsuit, any recovery would inure to those accounts that held the investment options on which they prevailed, and if they were to lose this

[9]

lawsuit, it would have no bearing on [the Beneficiaries'] benefits." Id. 5 (citing Thole, 140 S. Ct. at 1622).

This Court is unconvinced. As an initial matter, Thole concerned the injury-in-fact requirement of Article III standing, not the redressability requirement. See generally 140 S. Ct. 1615 (mentioning redressability only once in the majority opinion, when stating the three requirements of Article III standing). Moreover, to the extent that Thole could be read to concern redressability, it supports the Beneficiaries' position. In Thole, the Supreme Court recognized that in ERISA actions, the type of plan is "[o]f decisive importance" to the Article III standing inquiry. Id. at 1618. "In a defined-benefit plan, retirees receive a fixed payment each month, and the payments do not fluctuate with the value of the plan or because of the plan fiduciaries' good or bad investment decisions." Id. "By contrast, in a defined-contribution plan, such as a 401(k) plan, the retirees' benefits are typically tied to the value of their accounts, and the benefits can turn on the plan fiduciaries' particular investment decisions." Id. In that "private trust context, the value of the trust property and the ultimate amount of money received by the beneficiaries will typically depend on how well the trust is managed, so every penny of gain or loss is at the beneficiaries' risk." Id. at 1619. Accordingly, defined-contribution plan participants properly may plead a

redressable injury to the Plan based on alleged plan mismanagement.  See id. at 1618-19; Boley v. Universal Health Servs., Inc., Civil Action No. 20-2644, 2020 WL 6381395, at *2-6 (E.D. Pa. Oct. 30, 2020) (rejecting argument that plaintiffs lacked Article III standing to bring 29 U.S.C. § 1132(a)(2) claims on behalf of defined-contribution plan under Thole); Parmer v. Land O'Lakes, Inc., Civil No. 20-1253(DSD/HB), 2021 WL 464382, at *3-4 (D. Minn. Feb. 9, 2021) (same).  Recovery for that redressable injury would inure to the benefit of the plan, and thereafter the plan's fiduciaries would reallocate the recovery "to the individual accounts injured by the breach." Evans v. Akers, 534 F.3d 65, 74 (1st Cir. 2008).  Thus an "allegation of fiduciary mismanagement, which at this stage in the proceedings we assume to be true, identifies a concrete injury that is redressable by a court and falls within the scope of Article III standing."  See id. at 75.

Here, seeking "to restore to the Plan all losses caused by" PTC's alleged mismanagement, Compl. ¶¶ 121, 129, the Beneficiaries bring this action on behalf of the defined-contribution Plan, id. ¶¶ 11-14, 25, 42, 121, 129.  Under Thole, the Beneficiaries' allegations suffice to plead a redressable injury to the Plan.  See Parmer, 2021 WL 464382, at *3-4; Boley, 2020 WL 6381395, at *2-6.  Recovery would inure to the Plan generally, not just to the "accounts that held the investment

[11]

options on which the[] [Beneficiaries] prevail[]," Defs.'

12(b)(1) Mem. 5, though the Plan's beneficiaries would later

reallocate that recovery "to the individual accounts injured by

the breach," Evans, 534 F.3d at 74.  That sequence of events

nevertheless identifies a redressable injury to the Plan.  See

id. at 75.

**III. CONCLUSION**

For the foregoing reasons, PTC's motion to dismiss for lack

of subject-matter jurisdiction, ECF No. 11, is DENIED.


**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE