**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **KRISTAL M. KHAN, MICHELLE R. BALLINGER, and GEORGE A. CRAAN, individually and on behalf of all others similarly situated,**<br><br>        **Plaintiffs,**<br><br>    **v.**<br><br>**PTC INC., THE BOARD OF DIRECTORS OF PTC INC., THE INVESTMENT COMMITTEE OF PTC INC., and JOHN DOES 1-30,**<br><br>        **Defendants.** | **Civil Action No. 1:20-cv-11710-WGY** |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTIONS FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, AND APPROVAL OF
PLAN OF ALLOCATION AND FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES AND
<u>CASE CONTRIBUTION AWARDS TO THE NAMED PLAINTIFFS</u>**

**TABLE OF CONTENTS**

I.     INTRODUCTION .......................................................................................... 1

II.    ARGUMENT ................................................................................................. 1

    A.  The Dissemination of the Class Notice was Extremely Effective ......................... 1

    B.  The Minimal Objections Further Supports the Adequacy of the Settlement as well as Class Counsel's Requested Attorneys' Fees and Case Contribution Awards to the Named Plaintiffs .......................................................................... 3

    C.  Fiduciary Counselors Authorizes the Settlement and Approves of the Request for Attorney's Fees and Expenses, and Case Contribution Awards ...................... 4

III.    CONCLUSION ............................................................................................. 6

## <u>TABLE OF AUTHORITIES</u>

PAGE(S)

**Cases**

*Bezdek v. Vibram USA, Inc.,*
79 F.Supp.3d 324 (D. Mass. 2015) ............................................................. 4

*Boyd v. Coventry Health Care, Inc.,*
*299 F.R.D. 451 (D. Md. 2014)* ................................................................... 4

*Bussie v. Allmerica Fin. Corp.,*
50 F. Supp. 2d 59 (D. Mass. 1999) ........................................................... 3

*Hill v. State St. Corp.*
2015 WL 127728 (D. Mass. Jan. 8, 2015) ............................................... 3

*Hochstadt v. Boston Scientific Corp.,*
708 F.Supp.2d 95 (D. Mass. 2010) ........................................................... 4

*Smith v. Krispy Kreme Doughnut Corp.,*
2007 WL 119157 (M.D.N.C. Jan. 10, 2007) ............................................ 4

*In re Puerto Rican Cabotage Antitrust Litig.,*
815 F. Supp. 2d 448, 473 (D.P.R. 2011) .................................................. 3

## I.     INTRODUCTION

Named Plaintiffs Kristal M. Khan, Michelle R. Ballinger, and George A. Craan (together, "Plaintiffs"), participants in the PTC 401(k) Savings Plan (the "Plan"), by and through their undersigned counsel, hereby respectfully submit this Memorandum of Law in further support of their motions (1) for an Order Granting Final Approval of Class Action Settlement, Certification of Settlement Class, and Final Approval of Plan of Allocation ("Motion for Final Approval") and (2) for an Award of Attorneys' Fees, Reimbursement of Expenses, and Case Contribution Awards to the Named Plaintiffs ("Motion for Fees and Expenses") (ECF Nos. 61 through 64-11), both filed with the Court on August 1, 2022.  Plaintiffs submit this Supplemental Memorandum to (a) reflect on the successful dissemination of the Class Notice; (b) inform the Court that there has been only one objection to the Settlement; and (c) inform the Court that the Independent Fiduciary appointed to review the Settlement has approved it.

## II.     ARGUMENT

### A.  The Dissemination of the Class Notice was Extremely Effective

As explained in the Memorandum of Law In Support of Plaintiffs' Motion for Award of Attorneys' Fees and Reimbursement of Expenses, and Case Contribution Awards to the Named Plaintiffs (the "Final Approval Memo") (ECF No. 61), the Parties retained JND Legal Administration ("JND"), an experienced class action claims administrator, as the Settlement Administrator.  *See* Supplemental Declaration of Ryan Bahry Regarding Settlement Administration ("JND Decl.") at ¶ 2 (attached hereto as Exhibit 1).

On June 13, 2022, JND mailed the Court-approved Class Notice to 6,423 unique Settlement Class Members with a mailing address (one (1) Settlement Class Member was excluded from the mailed notice as they did not have a mailing address).  *Id.* at ¶ 4. As of September 6, 2022, JND

tracked 373 Class Notices that were returned to JND as undeliverable. *Id.* at ¶ 5. JND conducted additional advanced address research through TransUnion on these 373 undeliverable Class Notices and received updated address information for 23 Class Members. *Id.* JND promptly re-mailed Class Notices to these 23 Class Members (of which two (2) were returned as undeliverable). *Id.* As of September 6, 2022, 6,325 Class Members were emailed or mailed a Notice that was not returned as undeliverable, representing 98.5% of total Settlement Class Members. *Id.* at ¶ 6.

On June 13, 2022, JND established a Settlement Website (www.PTCERISASettlement.com), which hosts copies of important case documents, including the Class Action Settlement Agreement, Class Notice, Plan of Allocation, answers to frequently asked questions, and contact information for the Settlement Administrator. *Id.* at ¶ 7. As of September 6, 2022, the Settlement Website has tracked 1,190 unique users with 2,087 page views. *Id.* at ¶ 8.

On June 13, 2022, JND established a case-specific toll-free number, 1-844-202-9489, for Settlement Class Members to call to obtain information regarding the Settlement. *Id.* at ¶ 9. Callers have the option to listen to the Interactive Voice Response ("IVR") system, or to speak with a live agent. The toll-free number is accessible 24 hours a day, seven days a week. *Id.* As of the date of this Supplemental Declaration, the toll-free number has received 19 incoming calls. *Id.* at ¶ 10.

The E-mail Notice and Class Notice informed recipients that any Class Member who wished to object to the proposed Settlement could do so by filing a written objection with the Court, postmarked on or before August 31, 2022. *Id.* at ¶ 11. As of September 6, 2022, JND has received one (1) objection from Class Member Matthew Ender (Newton, MA). *Id.* at ¶ 10.

**B.  The Minimal Objections Further Supports the Adequacy of the Settlement as well as Class Counsel's Requested Attorneys' Fees and Case Contribution Awards to the Named Plaintiffs**

A "favorable reaction of class to settlement... constitutes strong evidence of fairness of proposed settlement and supports judicial approval." *Hill*, 2015 WL 127728, at *8 (citing *Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59, 77 (D. Mass. 1999); *In re Puerto Rican Cabotage Antitrust Litig.*, 815 F. Supp. 2d 448, 473 (D.P.R. 2011)).  The Class Notice, which was mailed to over 6,000 potential Settlement Class Members, specified that Class Counsel would request attorneys' fees of up to 33 1/3% of the Class Settlement Amount.  There has been only one objection challenging the attorneys' fees filed on March 2, 2021.  ECF No. 23.  The objection was filed by Mathew Ender, a potential class member, who takes issue with the settlement and requested attorneys' fees from a generalized viewpoint, not specific to the facts of this case.  He states, among other things:

> I understand that the number of parallel lawsuits on the basic question, of whether higher-than-average fees for some offerings in a retirement plan constitute a failure to fulfill the fiduciary obligation to the members of the plan, to be in the three figures.  I would note that the existence of higher-than-average fees is a necessary fact of any system in which fees exist and are not universally fixed, so in my opinion fees need to have some further attributes to be actionable in this way.

Mr. Ender also seeks for the Court to "severely limit the Class Counsel's award."  Ultimately, Mr. Ender bases his opinion on his own experience with the Plan.  He does not consider the investigations Class Counsel has undertaken nor the documents that have been reviewed in this case, and the experts that have been consulted.  As Mr. Ender himself states, "[t]hough I have not spent so much time on this matter as any of the principals, it is my considered opinion that this case is without merit, and I and the other Class Members were not harmed as stated."  Respectfully,

Class Counsel have delved fully into the merits of the case and are in a better position than Mr. Ender to assess the fairness and adequacy of the Settlement.

Accordingly, the objection should be overruled as none of the other over 6,000 participants in the Plan have objected to the Settlement or attorneys' fees. *See, e.g.*, *Hochstadt v. Boston Scientific Corp.*, 708 F.Supp.2d 95, 110 (granting certification of the settlement class when only one class member objected); *Bezdek v. Vibram USA, Inc.*, 79 F.Supp.3d 324, 347 (D. Mass. 2015) (finding reaction of the class to the settlement was "overwhelmingly positive" when only three class members objected); *Boyd v. Coventry Health Care, Inc.*, 299 F.R.D. 451, 464 (D. Md. 2014) ("The lack of objections tends to show that at least from the class members' perspective, the requested fee is reasonable for services provided and the benefits achieved by class counsel."); *Smith v. Krispy Kreme Doughnut Corp.*, 2007 WL 119157, at *3 (M.D.N.C. Jan. 10, 2007) (finding it "noteworthy that no one has objected to the requested fee"). Further, the Independent Fiduciary, whose report is discussed below opines it does "not believe this objection provides substantial grounds to the Court to find against final approval of the Settlement or of the attorneys' fees, expenses, or Case Contribution Awards for the three Class Representatives." Report, Exhibit 2 at 4. Essentially, "Mr. Ender is asking the Court to deny approval of the Settlement and to reduce attorneys' fees because the Settlement is too favorable to Class Members." *Id.*

### C. Fiduciary Counselors Authorizes the Settlement and Approves of the Request for Attorney's Fees and Expenses, and Case Contribution Awards

PTC engaged Fiduciary Counselors to serve as the Plan's independent fiduciary. *See* Updated Report of the Independent Fiduciary for the Settlement in *Kristal M. Khan, et al. v. PTC, Inc., et al.* dated August 26, 2022, attached hereto as Exhibit 2 at p. 1. Fiduciary Counselors has extensive experience in serving as an independent fiduciary in connection with settlements in similar actions, having "reviewed over 100 previous settlements involving ERISA plans." *Id.*

With respect to the Settlement, Fiduciary Counselors found as follows:

> The size of the Settlement is $1,725,000, a fair and reasonable recovery given the results in numerous similar cases in the last several years, the defenses the Defendants would have asserted, the risks involved in proceeding to trial, and the possibility of reversal on appeal of any favorable judgment. Plaintiffs determined maximum potential damages to the Plan to be $2.9 million before calculation of prejudgment interest. This damages amount reflects damages related to Plaintiffs' remaining claims. This assumes a reasonable per participant annual recordkeeping rate of $35. The Settlement Amount represents approximately 59% of the estimated damages put forth by Plaintiffs.

> Given the substantial expense and risk involved in further litigation, the difficulty in prevailing on the merits and establishing damages, and the delay that would have resulted in providing any relief to the Class if the matter had been prolonged through trial and appeal, the amount of the Settlement is reasonable.

*Id.* at p. 9. Further, Fiduciary Counselors reviewed the request for attorneys' fees, reimbursement of expenses, and case contribution awards. It stated as follows:

> Class Counsel seek an award of attorneys' fees in the amount of $575,000, which represents one-third of the Settlement Amount of $1,725,000. Class Counsel's lodestar to date was $280,369.50, which would produce a lodestar multiplier of 2.1 if the requested $575,000 were awarded.

> In our experience, the percentage requested and the lodestar multiplier are within the range of attorney fee awards for similar ERISA cases. In particular, an award of one third of the common fund is very common in ERISA cases. In light of the work performed, the result achieved, the litigation risk assumed by Class Counsel, and the combination of the percentage and the lodestar multiplier, Fiduciary Counselors finds the requested attorneys' fees to be reasonable.

*Id.* at 7. It further noted the amounts requested for case contribution at wards were justified. *Id.*

at 8.

### III.    CONCLUSION

For the reasons set forth herein, and in Plaintiffs' prior submissions in connection with the Settlement, Plaintiffs respectfully request that the Court grant their unopposed Motions for Final Approval and for Fees and Expenses.

Dated: September 7, 2022                    Respectfully submitted,


                                            **CAPOZZI ADLER, P.C.**


                                            */s/ Mark K. Gyandoh*
                                            Mark K. Gyandoh, Esquire
                                            Gabrielle Kelerchian, Esquire
                                            312 Old Lancaster Road
                                            Merion Station, PA 19066
                                            Telephone: (610) 890-0200
                                            Facsimile: (717) 233-4103
                                            Email: markg@capozziadler.com
                                                      gabriellek@capozziadler.com

                                            **CAPOZZI ADLER, P.C.**
                                            Donald R. Reavey, Esquire
                                            2933 North Front Street
                                            Harrisburg, PA 17110
                                            Telephone: (717) 233-4101
                                            Facsimile: (717) 233-4103
                                            Email: donr@capozziadler.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 7, 2022, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.


By:    *<u>Mark K. Gyandoh</u>*
       Mark K. Gyandoh, Esq.